■ · PIERRE TURNER, Respondent, v CITY OF NEW YORK, Respondent, and JORDAN CONSTRUCTION PRODUCTS CORP. et al., Appellants, et al., Defendants. (And a Third-Party Action.) [735 NYS2d 551] —Order, Supreme Court, New York County (Joan Madden, J.), entered January 18, 2000, which, to the extent appealed from, denied the separate motions of defendants Jordan Construction Products Corp. and Outdoor Designs, Inc. for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motions granted and the action severed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Plaintiff allegedly was injured when he herniated a disc while attempting to open a window recently installed by defendant Jordan Construction and its subcontractor defendant Outdoor Designs.

The motion court's finding that the window was operable, despite appearances to the contrary, is belied by the record. There is undisputed testimony that a ventilation duct ran through the upper frame of the window; that the lower frame had been rendered inoperable specifically to prevent the lower window from being opened; and, that, in any event, the duct was several inches above the top of the lower frame, thus preventing the window from being opened more than a few inches.

Although plaintiff disputes the testimony of defendants' witnesses that he had been told that the window in question was inoperable and was not supposed to be opened because of the ventilation duct, it is well settled that there is no duty to warn against a condition which is readily observable. Plaintiff's own actions, not the installation or the condition of the window, were the sole proximate cause of his injury. Plaintiff testified that on the couple of occasions that he tried to open the window he had "[d]ifficulty * * * but not great difficulty" in opening it and that he and his clerk had made numerous complaints about their problems in opening the window. On the day in question, plaintiff made several unsuccessful attempts to open the window. On his third or fourth attempt, he felt a pinch in his back and stopped. By then the damage had already been done. Concur—Nardelli, J.P., Andrias, Saxe, Sullivan and Rubin, JJ.